### In re BROOKS' ESTATE.

(Surrogate's Court, New York County. December 6, 1894.)

Petition by the trustees under the will of Joshua Brooks, deceased, to procure a determination as to the liability of the trust fund to the transfer tax.

FITZGERALD, S. The petitioners are trustees under the will of Joshua Brooks, who died August 20, 1859, being a resident of the city of New York. Sophia Brooks, a daughter of said decedent, died May 28, 1893, in the city of New York, of which she was a resident. Under the will of Joshua Brooks, his said daughter was given the income during life of a certain trust fund, over the principal of which she was given the power of appointment by will. The will by which she executed this power has been admitted to probate, and the trustees now hold the said principal fund, consisting of more than $100,000. This proceeding is instituted for the purpose of procuring a determination as to the liability of the fund to the transfer tax. While at the date the will of Joshua Brooks went into effect, there was no law subjecting to taxation transfers of property passing thereby, it is claimed on the part of the comptroller that, by chapter 399 of the Laws of 1892, a transfer of the character specified, when it takes effect in possession or expectancy subsequently to the passage of that act, although it does so by virtue of a deed or will executed prior thereto, is nevertheless liable to taxation. To sustain

this contention, he relies upon the sentence immediately preceding the clause at the end of subdivision 3 of section 1 of the act, which reads as follows: "Such tax shall also be imposed when any such person or corporation becomes beneficially entitled in possession or expectancy to any property or the income thereof by any such transfer, whether made before or after the passage of this act." On behalf of the trustees and appointees, it is claimed that the sentence quoted applies only to transfers by deed, grant, etc., and has no application where the transfer is effected by will. The comptroller answers this by the argument that to limit the sentence quoted to cases of this description will necessitate a similar limitation to the very last clause of the section which fixes the rate of taxation. This suggestion, to my mind, fully meets and refutes the argument that the retroactive clause must be confined in its purpose and effect to the transfers specified in the preceding clause of the subdivision. Is, then, the fund or interest in question, and which is claimed to have passed under and by virtue of the will of Joshua Brooks, subject to taxation? I have concluded that it is. An estate or interest derived from the execution of a power of appointment is regarded as acquired under and by virtue of the instrument raising the power. Nevertheless, such estate or interest does not vest nor is it created until the time of appointment, although the source of its origin is found in the instrument conferring the power. Jackson v. Davenport, 20 Johns. 551, 552; In re Stewart, 131 N. Y. 274, 30 N. E. 184. The circumstance that the appointee takes under such instrument as the source of his title, and not any notion that the estate or interest taken becomes vested, or is created, either actually or constructively, at the time such instrument goes into effect, is the reason for regarding the estate or interest created by the power as passing by a transfer made by such instrument within the meaning of the acts for the taxation of decedent's estate. In re Stewart, supra. An estate or interest originating in the manner described is, with respect to the time of its creation and vesting, the same in effect as if it were an estate acquired by direct and exclusive operation of the instrument creating it, by a person who had come into being subsequently to the time when the instrument took effect. The devise of a remainder dependent upon a life estate, and vesting in such person upon his birth, is an instance of the disposition last referred to. The estate or interest so acquired does not vest nor come into existence until, in one case, the power has been executed, and, in the other, until the beneficiary has come into being. A different result the doctrine of relation is incapable of producing, and it is properly confined in its application in such cases and for the purposes of the acts mentioned to referring the estate or interest to the source, whether immediate or remote, from which the title is derived. In the present case the estate or interest which the beneficiary has taken under the power, as well as the right of the possession thereof, came into existence after the passage of the act under consideration. Similarly, the beneficiary, as beneficiary, had no previous existence. Such being the case, there is no doubt that the beneficiary is, with respect to the estate or interest which he has so taken, a person who has become beneficially entitled in possession to property after the passage of the act of 1892, by a transfer previously made. An appraiser will therefore be appointed.